Oscar Holway v. American Exchange National Bank of Lincoln.

Filed February 19, 1902.   No. 10,968.

Commissioner's opinion, Department No. 3.

1. General Demurrer. A general demurrer does not raise the question whether there is a defect of parties.

2. Special Demurrer: Order. An order overruling a special demurrer will not be reviewed where no exception to such order is saved.

3. Order of Attachment: Amended Petition: Another Cause of Action: Dismissal. Where an order of attachment issues in an action, and property is levied upon thereunder, and an amended

petition is subsequently filed, which, in addition to the cause of action stated in the original petition, sets forth another and different cause of action, and the first cause of action is dismissed before trial, the attachment is thereby dissolved, and an order for the sale of the attached property, in satisfaction of the judgment rendered on the second cause of action, is erroneous.

ERROR from the district court for Custer county. Tried below before GRIMES, J. *Affirmed in part.*

*Holcomb Bros.* and *C. L. Gutterson,* for plaintiff in error.

*Sawyer & Snell, Kirkpatrick & Hager* and *Cameron & Reese, contra.*

ALBERT, C.

The relief sought by the original petition filed in this case was to subject the individual property of the defendant to the payment of a certain judgment rendered in favor of the plaintiff and against W. Holway & Co., a copartnership, of which, it was alleged, the defendant in this case was a member. A writ of attachment issued, under which certain real estate of the defendant was attached. Thereafter, the plaintiff filed an amended petition, which, in addition to the cause of action set forth in its original petition, set forth a second cause of action on certain promissory notes, executed by W. Holway & Co. and W. Holway to the Bank of Callaway and by it indorsed and delivered to the plaintiff. A demurrer to the amended petition was interposed on the ground, among others, that there was a defect of parties. The demurrer was sustained as to the first cause of action for some reason, and overruled as to the second. No exception was taken by the defendant to the order overruling the demurrer. Afterward, for some reason not clear to us, the court made an order requiring the plaintiff to elect upon which cause of action it would stand; in pursuance of which order, the plaintiff elected to stand on the second cause of action. No exception was taken by the defendant

to this order, nor to the election of the plaintiff made in pursuance of it. The issues were made up and submitted to the court without a jury. The court found in favor of the plaintiff and rendered judgment for the amount claimed, and ordered a sale of the attached property for the satisfaction of the judgment. The defendant brings the case here on error. We will refer to the parties by the title in the district court.

It is first urged that the court erred in overruling defendant's objection to the introduction of any testimony in support of the second cause of action set forth in the petition, for the reason that the facts therein stated are not sufficient to constitute a cause of action.. The petition sufficiently shows that the notes were executed and delivered by W. Holway & Co. and W. Holway to the Bank of Callaway; that W. Holway & Co. was a copartnership; that the defendant in this case was a member of such copartnership; that the notes are past due and unpaid; the indorsement and transfer of the notes to the plaintiff; the amount due and owing thereon, from the defendant to the plaintiff; that being true a cause of action against the defendant is stated. In this behalf, however, it is urged that if the defendant is liable at all, it was jointly with his copartner. Whatever merit there may be in this objection, it is one that can not be successfully raised by a general demurrer. At common law, the non-joinder of parties was available only by plea in abatement. Under the Code, it renders a petition vulnerable to a special demurrer. Defendant's demurrer, interposed before answer, on the ground of a defect of parties, properly presented the question. The demurrer was overruled, and no exception taken. From this record we must infer that the ruling, at the time, was acquiesced in by the defendant. If so, it can not be urged as a ground for reversal in this court.

Considerable space is given in the brief to a discussion of the statutory provisions for actions against copartnerships. Such discussion is wholly foreign to this case.

This is not an action against a partnership, but against an individual member. The right to maintain an action against a partnership, as such, is a statutory innovation. The right to maintain an action against the individual members of a firm on a partnership obligation has never, so far as we know, been questioned. Formerly it was the only method to enforce a partnership liability at law.

Complaint is made that the evidence in this case was taken at the time when one judge presided, whereas the case was submitted and judgment rendered when a different judge occupied the bench. We find in the record a stipulation whereby the cause was submitted on the evidence taken when the former judge presided. Parties will not be heard to complain of a procedure adopted at their request, or with their consent.

The defendant insists that the finding of the trial court that the defendant was a member of the firm of W. Holway & Co., and that the notes in suit are a partnership liability, is not sustained by sufficient evidence. The evidence upon this point is quite voluminous. To set it out at length would amount to a reproduction of a large portion of the bill of exceptions. Hence we shall content ourselves with stating that one witness testifies unequivocally that he himself was a member of the firm, and that the defendant was also a member of the firm of W. Holway & Co. Other witnesses testify to the fact that the other partner of the firm introduced the defendant to them, respectively, as his partner. Another witness testifies that the defendant stated to them that he was a member of the firm. In the face of such evidence on that issue, it can not truthfully be said that the finding of the court thereon is not sustained by sufficient evidence. That the notes were given for partnership debts, while not so clearly established as the defendant's relation to the firm, is amply sustained by the evidence. It is said in this connection that a part of the evidence in respect to these issues is incompetent. That may be. But it is a well-settled rule of this court that, where an action is tried to the court without a jury and

there is sufficient competent evidence in the record to sustain the findings, the judgment will not be reversed on account of the admission of incompetent evidence. The presumption of law is that such evidence was not considered by the court.

Another ground of complaint is that there is a variance between the allegations of the petition and the proof, in this: that it is alleged in the petition that the plaintiff is the owner and holder of the notes, whereas it develops in the testimony that the notes were indorsed and delivered to the plaintiff as collateral security for an indebtedness. That does not constitute a variance. On the state of facts shown in evidence, the plaintiff was the legal holder and owner of the notes. The plaintiff was the only one authorized to maintain an action for the recovery of the amount due on the notes. *Johnson v. Chilson*, 29 Nebr., 301.

It will be remembered that the order of attachment in this case issued on the original petition; that an amended petition was subsequently filed, setting up the cause of action set forth in the original petition, and a second cause of action, based on another state of facts; that the plaintiff elected to stand on the second cause of action, whereby the first cause of action was, in effect, dismissed. Complaint is now made that the court ordered a sale of the attached property for the payment of the amount found due, on the second cause of action. We think this complaint is well founded. By the dismissal of the first cause of action, which was the basis of the order of attachment, the attachment proceedings, being merely ancillary thereto, followed it. From that time on, the court had no jurisdiction over the attached property. The order directing a sale of the attached property is erroneous.

We recommend that the judgment of the district court against the defendant be affirmed, and that the order directing the sale of the attached property be reversed, and the cause remanded, with directions to the trial court to vacate and set aside the order directing such sale.

Duffie and Ames, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court against the defendant is affirmed, and the order directing the sale of the attached property is reversed, and the cause remanded with directions to the trial court to vacate and set aside the order directing such sale.

JUDGMENT ACCORDINGLY.