NOZISKA et al., Appellants, v. ATEN, Respondent.

(154 N. W. 445.)

(File No. 3763. Opinion filed October 18, 1915.)

1. **Attachment—Discharge of, After Appeal—Failure to Question Regularity, or Grounds of Attachment, Effect.**

Where defendant in attachment failed to question the regularity of the attachment proceedings, or to deny the existence of grounds for issuance thereof, held, that the trial court was without authority to set aside the attachment after the appeal from the judgment in the atachment suit had been taken; unless other reasons existed for vacating the attachment.

2. **Attachment—Vacation of—Abandonment—Amendment of Complaint After Attachment, Effect on Sureties—Cause of Action as Basis of Judgment.**

The substitution of a co-partnership and the names of the individual partners in place of the name of the individual who was a member of such partnership, after the levy of the attachment in the suit, was not an abandonment of the attachment, or the release of the sureties on the attachment bond; since the liability of the sureties had been fixed before such change of plaintiffs was made, and the cause of action set up in the complaint and in the attachment affidavit was the same upon which plaintiffs afterwards recovered.

3. **Judgment—Money Judgment in Attachment Suit—Order of Sale of Attached Property, Necessity of, in Judgment.**

A money judgment recovered in an attachment suit need not contain an order for the sale of the attachment property; since, under Code Civ. Proc., Sec. 218, relating to attachments, the sheriff is required to satisfy the judgment out of the property attached, if sufficient therefor, and such statute is itself a mandate to the sheriff for that purpose.

4. **Attachment—Vacation of—Damages Under Vacating Attachment Statute—Prejudice to Plaintiff.**

Under Code Civ. Proc., Sec. 208, requiring that attachment bonds shall provide that if a judgment is set aside for any reason, plaintiff shall pay all damages that defendant may have suffered by reason of the attachment, held, that plaintiff's rights were prejudiced by an erroneous order vacating the attachment.

Appeal from Circuit Court, Tripp County. Hon. WILLIAM WILLIAMSON, Judge.

Action by John C. Noziska and others, against A. K. Aten, Jr., to recover a money judgment. From an order vacating and discharging the attachment, plaintiff appeals. Reversed.

R. H. *Molitor,* for Appellants.

E. O. *Patterson,* for Respondent.

(2) To point two of the opinion, Appellant cited: Comp. Laws, Sec. 4996; Brown v. Tidrick, (S. D.) 85 N. W. 185, 186; Bedard v. Mahoney, 136 Am. St. Rep. 965; Hackett v. Carnell, 106 Pa. 291; Cristal v. Kelly, 88 N. Y. 285; Slosson v. Furgeson, 18 N. W. 281:

Respondent cited: Holway v. Am. Ech. Natl. Bank, 89 N. W. 382, 384; Hall v. L. & N. R. R. Co., 157 Fed. 465, 469; Painter v. Nunn, 23 So. 80, 83, 67 A. S. R. 170; 2 R. C. L. Sec. 109, p 894; Bennett v. Zabrichi, 2 N. Mex. 176.

(3) To point three of the opinion, Appellant cited: Comp. Laws, Secs. 5005, 5006; Iowa Bank v. Jacobson, (S. D.) 66 N. W. 453, 455-6.

(4) To point four of the opinion, Appellant submitted that: By virtue of the order the court dismissed the attachment on the merits, and by judicial proceeding breached a condition of the undertaking in attachment, which then and there rendered plaintiffs liable to an action for damages growing out of the issuance of the attachment and the taking and detention of the property thereunder "if the attachment be set aside by order of court."

(1) To point one of the opinion, Appellant cited: William Deering Co. v. Warren, (S. D.) 44 N. W. 1068; Comp. Laws, Sec. 5011; Bank v. Keyes, 73 N. W. 230, (Mich.); Stock v. Reynolds, 80 N. W. 289 (Mich.); 4 Cyc. 788-9; Hornick Drug Co. v. Lane, 45 N. W. 329 (S. D.) cited in note, 123 Am. St. Rep. 1054; Lindquist v. Johnson, 81 N W. 900 (S. D.)

Appellant submitted that: The trial court lost jurisdiction to dissolve the attachment by the withdrawal by the defendant and the transfer of the cause to the Supreme Court, from a final judgment rendered by the trial court on the merits. The attachment became merged in the judgment, and on appeal became a part of the judgment; and cited: Foster v. Dryfus, 16 Ind. 158.

Respondent cited: Ray v. Gore, (Mich.) 41 N. W. 329, 331; Association v. Printing. Co., 58 Mich. 487, 25 N. W. 477; Publishing Co. v. Association, 61 Mich. 337, 28 N. W. 111; Calvert Lithographing Co. v. K. & K. Medical Assn., 28 N. W. 111; Drs. K. & K. U. S. Med. and Surgical Assn. v. Detroit Post and Tribune Job Printing Co., 25 N. W. 477.

Respondent submitted that: When the motion is based upon the records and files, which are already before the court, the irregularities referred to may be shown by the record as it stands, in which case there is no need of affidavits.

POLLEY, J. Upon the filing of a proper undertaking and affidavit by one of the plaintiffs, from which it appeared that defendant was a nonresident of this state, and that plaintiffs had a cause of action against defendant for a definite sum of money, a warrant of attachment regular in form was issued and a levy made upon certain property of the defendant. A trial of the cause resulted in a verdict and judgment in favor of plaintiff. From this judgment defendant appealed to this court, and the case is reported in 152 N. W. 694. Thereafter, upon defendant's motion, the court vacated and discharged the attachment, and, from the order vacating the same, plaintiffs appeal.

[1] Defendant did not question the regularity of the attachment proceedings nor deny the existence of the grounds for the issuance thereof, as stated in plaintiff's affidavit upon which the attachment was issued; and it is the contention of appellants that the court was without authority to set aside the attachment and thus subject them to an action for damages on the attachment bond. In this contention appellants are clearly right, unless other reasons existed for vacating the attachment.

[2] It appears from the record that, when the action was commenced, and when the levy under the warrant of attachment was made, John C. Noziska and F. F. Sinkler were the sole plaintiffs. Thereafter, and prior to the trial of the case, the names of the plaintiffs were changed from John C. Noziska and F. F. Sinkler to "John C. Noziska, E. D. Noziska, and D. L. Noziska, copartners doing business under the firm name and style of Colome Mercantile Company, and F. F. Sinkler." In other words, the copartnership of which John C. Noziska was a member was substituted for John C. Noziska individually. It is contended by respondent that this was such a change of plaintiffs as amounted to an abandonment of the attachment and a release of the sureties on the bond. With this contention we cannot agree. In the first place, the levy and seizure of respondent's property under the warrant of attachment had been made, and the liability, if any, of the sureties fixed, before the change of plaintiffs was made.

In the second place, the change that was made in the name of the plaintiff cannot be held to amount to an abandonment of the attachment. The cause of action set up in the original complaint and in the affidavit for attachment was the same cause of action upon which appellants afterwards recovered. Respondent's rights were in no wise affected by the change, and, as is said in Holway v. Am. Exch. Nat. Bank, 64 Neb. 67, 89 N. W. 382, cited by respondent, the attachment proceeding is merely ancillary to and follows the cause of action that was the basis of its issuance.

[3] The judgment entered in this case is a simple money judgment, and contains no order directing a sale of the attached property. It is contended by respondent that the failure to include such order in the judgment amounts to a waiver and abandonment of the attachment. It is so held in some states, but such holdings seem to be based upon statutes requiring that the judgment direct a sale of the attached property. Bremer & Co. v. Fleckenstein et al., 9 Or. 266. But no such direction is necessary under a statute like ours. Section 218, C. C. Pr., provides that:

"In case judgment be entered for the plaintiff in such action, the sheriff shall satisfy the same out of the property attached by him, if it shall be sufficient for that purpose. * * *"

This section of the Code is itself a mandate to the sheriff to satisfy the judgment out of the attached property, and no order of court for that purpose is necessary.

[4] Under the provisions of section 208, C. C. Pr., if an attachment is set aside for any reason, the plaintiff and his sureties become liable for all damages defendant may have suffered by reason thereof, and this, too, whether plaintiff prevails in the action or not. This being the case, plaintiffs' rights were prejudiced by the order vacating the attachment.

The order appealed from is reversed.