[Decided January 6, 1887.]

## D. J. CHAMBERS v. DANIEL HOOVER.

1. WRIT OF ERROR — FINAL ORDER. — It appearing, upon writ of error, that a so-called order awarding a writ of restitution "was the judgment in the cause,"—*held*, that the writ of error should not be dismissed on the ground that the order was not one from which error would lie.

2. SAME — SATISFACTION OF JUDGMENT — DISMISSAL. — Where the dismissal of a writ of error was asked for on the ground that the plaintiff in error had satisfied the judgment, it appearing that the judgment required a writ of restitution, and the transcript showing that the writ of error was prosecuted to prevent restitutions, — *held*, that the motion should be denied.

3. SAME — SUPERSEDEAS BOND. — A *supersedeas* bond is not necessary to the prosecution of a writ of error.

ERROR to the District Court holding terms at Olympia. Second District.

Defendant moved to dismiss the writ, for the reason stated in the opinion of the court.

*Mr. Joseph W. Robinson*, for Defendant in Error, in support of the motion.

The *supersedeas* bond was not executed or approved as by law required.   (Sess. Laws of 1883, p. 59, sec. 1; Hayne on New Trial and Appeal, sec. 272.)

*Mr. J. P. Judson*, and *Mr. T. M. Reed, Jr.*, for Plaintiff in Error, *contra*.

Mr. Chief Justice GREENE delivered the opinion of the court.

On three grounds the defendant in error moves to dismiss this cause:—

1. Because the judgment made and entered by the District Court was by plaintiff in error wholly satisfied on June 30, 1886; 2. Because the "order awarding a writ of restitution" is not a final judgment from which a writ of error can be prosecuted; 3. Because no bond was filed upon suing out the writ of error.

The first point is not well taken, for the judgment required a writ of restitution, and could not have been wholly satisfied without a restitution effected; whereas it appears from the transcript that this writ of error is prosecuted to prevent restitution.   The second point is also untenable, for an examination of the record shows that the so-called "order awarding a writ of restitution" is the very judgment itself, and the only judgment in the cause in the District Court, having been substituted at the same term for a preceding judgment entry.   As to the third point, it is hardly necessary to say that a *supersedeas* bond is not essential to the prosecution of a writ of error.

The motion is denied.

TURNER, J., and LANGFORD, J., concurred.