[No. 14240.  Department One.  January 21, 1918.]

B. PETRI, *Respondent*, v. CORNELIUS MANNY *et al.*, AND

LONDON & LANCASHIRE INDEMNITY COMPANY,

*Appellants.*[1]

JUDGMENT—MERGER OF NOTES.  In an action upon notes against the maker and indorsers, in which the indorsers were not served and were dismissed without prejudice, judgment against the maker alone does not merge the notes as against the indorsers, and does not prevent subsequent action thereon against them, especially in view of Rem. Code, § 192, allowing separate actions against parties severally liable.

ATTACHMENT—BONDS—DISCHARGE OF SURETY.  A surety on the bond to discharge an attachment cannot be held upon a judgment upon additional causes of action added after the discharge of the attachment by amendment of the complaint introducing new causes of action increasing the liability that existed when the discharge bond was given; notwithstanding Rem. Code, § 1004, requiring the discharge bond to be conditioned to pay any judgment rendered against the defendant.

Appeal from a judgment of the superior court for King county, Ronald, J., entered March 17, 1917, upon findings in favor of the plaintiff, in an action on contract, tried to the court.  Affirmed in part and reversed in part.

*S. S. Langland*, for appellants.

*Adolph Loewe*, for respondent.

FULLERTON, J.—The respondent, on October 24, 1916, commenced an action against the appellants Manny on three causes of action, one being for goods sold the Mannys, and the other two for goods furnished other parties at their request.  At the same time, a writ of attachment was sued out and levied upon a boom of logs belonging to the appellants. On November 10, 1916, the logs were released on the filing of a bond with the appellant London & Lancashire Indemnity Company as surety.  On November 14, 1916, the respondent

[1]Reported in 170 Pac. 127.

served an amended complaint in which was included three additional causes of action upon three separate promissory notes which had been executed by the Taylor Mill Company to the appellant C. Manny and by him indorsed to the respondent. There was no renewal of either the affidavit or writ of attachment which had been theretofore issued. On December 11, 1916, the appellants answered the amended complaint, admitting the first cause of action and depositing the money therefor in the registry of the court, and entering denials as to the other causes of action. As an affirmative defense, they set up that the respondent had theretofore obtained a judgment against the Taylor Mill Company upon the same three promissory notes in an action brought against the mill company and the appellants Manny. In that action the Mannys had been dismissed without prejudice, the mill company being the only defendant which had been served. On a trial of the present action to the court, judgment was entered in favor of the respondent upon all the causes of action except the two for goods furnished other parties at the instance and request of C. Manny, upon which causes the judgment was that the respondent take nothing. From such judgment, an appeal is prosecuted, the errors assigned being that the third and fourth conclusions of law are contrary to the findings of fact, that the judgment against the appellant London & Lancashire Indemnity Company is contrary to law, and that the judgment against the appellants Manny on the fourth, fifth, and sixth causes of action upon the promissory notes of the Taylor Mill Company is contrary to law. The findings and conclusions of the court necessary to a consideration of the questions presented are as follows:

"(5) The court finds that, as to the fourth, fifth and sixth causes of action, the Taylor Mill Company, a corporation, made and delivered to Cornelius Manny, the defendant herein, on the 27th day of August, 1915, its certain promissory note for $75, payable sixty days after date, and that thereafter said Manny endorsed in blank said note to the

plaintiff; that, at the same time, said Taylor Mill Company made and delivered to said Cornelius Manny its certain promissory note for $75, payable ninety days after date, and thereafter said Manny endorsed in blank said note to said plaintiff; .that, on the 22d day of September, 1915, said Taylor Mill Company made and delivered to said Cornelius Manny its certain promissory note for $100, and payable ninety days after date, and thereafter said Cornelius Manny endorsed in blank said note to said plaintiff, said three promissory notes being in words and figures as set out in plaintiff's amended complaint.

"(6) That on the second day of May, 1916, in this court, a judgment was duly given and entered in favor of this plaintiff and against the Taylor Mill Company, a corporation, in an action on file and record in this court in cause No. 113,-684, wherein plaintiff herein was plaintiff and the Taylor Mill Company and Cornelius Manny and Hattie Manny were defendants, which action was founded upon the same and identical promissory notes mentioned and alleged in finding No. 5; that at said time, upon the motion of plaintiff therein, the court dismissed the action as to the defendants Cornelius Manny and Hattie Manny without prejudice; that then and thereupon said notes were marked and stamped canceled.

"(7) That on the 14th day of November, 1916, plaintiff filed in this court his amended complaint by adding the fourth, fifth and sixth causes of action to the original complaint; that said causes of action set out and alleged the execution and delivery of said notes to Cornelius Manny and the endorsing of the same to plaintiff; that said notes are due and unpaid, and are the same notes as sued upon in the former action and reduced to judgment therein.

"(8) The court finds that plaintiff made presentment and demand for the payment of said promissory notes against the maker Taylor Mill Company bringing an action in cause No. 113,684, and plaintiff gave notice to the endorser, Cornelius Manny, by telling him of the dishonor of these notes on the part of the Taylor Mill Company and asking defendant to pay said notes.

"(9) That there are provided in said notes reasonable attorneys' fees in case of suit thereon, and that a reasonable amount to be allowed is sixteen and two-thirds ($16—2-3) dollars in each note.

"(10)   That on November 10, 1916, defendants filed herein their redelivery bond in attachment with the London & Lancashire Indemnity Company of America as surety."

"(3)   That plaintiff is entitled to judgment against the defendants on the fourth, fifth and sixth causes of action in the sum of two hundred fifty ($250) dollars, with interest thereon at the rate of eight per cent from date of execution of said respective notes until paid, and for the sum of fifty ($50) dollars as attorney's fee, and for his costs and disbursements.

"(4)   That plaintiff is entitled to have his judgment declared to be a judgment against the defendants Cornelius Manny and Hattie Manny, his wife, and against the marital community consisting of these defendants, and also against the London & Lancashire Indemnity Company of America."

The first contention of appellants is that the judgment on the notes rendered in a prior action against the maker was such a merger of the notes in the judgment that a subsequent action could not be maintained on them against the indorser. The doctrine of merger by judgment as applied to promissory notes relates only to such parties as are jointly liable thereon, or to cases where a judgment is rendered against both the maker and parties secondarily liable with him. The judgment pleaded as a bar here was one which had been obtained in an action in which the Mannys were parties defendant, but from which they had been dismissed without prejudice and judgment taken against the maker alone. Their liability upon the indorsement still remained if the judgment was not satisfied. Both of these questions were passed upon in the case of *Harrison v. Remington Paper Co.*, 140 Fed. 385, 3 L. R. A. (N. S.) 954, where it was held that, while a judgment upon promissory notes merges them therein so that the owner of the judgment may not maintain an action against the judgment debtor upon them, they still remain competent evidence of the existence of the debt which they represent in all other actions. And further, a judgment dismissing an action without prejudice "determines that

the parties are left as free to litigate every issue in the action dismissed as they would have been if it had never been commenced." See, also, *Bates v. Drake,* 28 Wash. 447, 68 Pac. 961.

In Eaton & Gilbert, Commercial Paper, p. 543, it is said:

"When a judgment is obtained on a note or bill, the bill or note is thereby extinguished and merged in the judgment. But this doctrine only applies to the relation between the plaintiff and defendant. The judgment alone, without actual satisfaction, is no extinguishment as between the plaintiff and other parties not jointly liable with the original defendant, whether those parties be prior or subsequent to the defendant."

The law regards the liability of makers and indorsers of promissory notes as a several one, and that a judgment against either, if unsatisfied, is no bar to a subsequent action against the other. *Rice v. Groff,* 58 Pa. 116; *Morrison v. Fishel,* 64 Ind. 177; *Russell & Erwin Mfg. Co. v. Carpenter,* 5 Hun 162. In the case of *Still v. Lombardi,* 8 Tex. Civ. App. 315, 27 S. W. 845, this doctrine is carried to the extent of holding that where, in an action against the maker and indorser of a note, judgment is obtained against the indorser alone, the note is not merged in the judgment so as to prevent an action on it by the indorser. Our own statute (Rem. Code, § 192) allows either a joint or separate action against parties severally liable upon promissory notes. Accordingly, a joint action against maker and indorser and a dismissal without prejudice as to the indorser would not prevent a subsequent action against the latter.

The final contention of appellants is that the entry of judgment against the London & Lancashire Indemnity Company, the surety upon the bond dissolving the attachment, was erroneous. As we have said, at the time of bringing his action against the appellants Manny, upon which the respondent issued a writ of attachment, his complaint was based upon but three causes of action. The appellants

Manny secured the release of their attached property by filing a bond therefor secured by the indemnity company. Thereafter the respondent amended his complaint by adding three additional causes of action in no wise related to those upon which his suit was originally founded. The three original causes were disposed of by the deposit in the registry of the court of money sufficient to meet the admitted claim in respondent's first cause of action, and by the court's judgment of dismissal as to the other two. Upon the three new causes of action added after the discharge of the attachment, the court found that the surety was liable under the provisions of Rem. Code, §§ 671, 672, declaring that the dissolution bond shall be conditioned to perform the judgment and that "such bond shall be part of the record, and if judgment go against the defendant, the same shall be entered against him and sureties." The case principally relied upon to support the holding is *Brady v. Onffroy*, 37 Wash. 482, 79 Pac. 1004. In that case, it is said:

"Our statute provides that the bond of the defendant in an attachment proceeding shall contain a promise to perform the judgment of the court. The filing of the bond shall be deemed an appearance in the action, and, if judgment goes against the defendant, it shall also be entered against the surety. . . . It is almost universally held that, under such statutory provisions, the bond becomes an unconditional contract or promise to pay whatever judgment shall be rendered against the defendant upon the merits of the case. . . . It follows that the surety upon the bond given in this case is liable upon the judgment rendered against the defendant, and that the court erred when it struck from the judgment that portion thereof which awarded recovery against the surety."

As addressed to the issues then before the court, this case is undoubtedly right. But it must be remembered that no new cause of action had been added by amendment subsequent to the execution of the delivery bond, and that the court did not have in mind the altered condition such an amendment implies.

The intent of the statute clearly is that the bond given to perform the judgment of the court merely contemplates such a judgment as shall follow from the cause of action pleaded at the time of its execution. The defendant and his surety could not be chargeable with having executed a bond to cover any greater liability than that existing at the time release of the attached property was sought. While the authorities hold that an amendment of the complaint to cure defects, after the execution of such a bond, would not defeat a right of recovery on the bond, they just as emphatically hold that such amendment of the complaint cannot subject the liability on the bond to the burden of any new causes of action brought in by way of amendment. This is the purport of the decisions cited by respondent as upholding the trial court, viz.: *Townsend Nat. Bank v. Jones*, 151 Mass. 454, 24 N. E. 593; *Warren Bros. Co. v. Kendrick & Roberts*, 113 Md. 603, 77 Atl. 847, 140 Am. St. 445; *Bierce v. Waterhouse*, 219 U. S. 320.

In *Townsend Nat. Bank v. Jones,* the court upheld the power to allow an amendment of the complaint, but in doing so used this language:

"The surety cannot take advantage of formal defects made by the plaintiff in stating his case. Unless the effect of the amendment would be to impose on him a greater liability than he had originally assumed by letting in a new cause of action, he is not released because of its allowance."

In *Warren Bros. Co. v. Kendrick & Roberts,* so far from denying the principle contended for, the court stated the general rule in the following language:

"The general rule . . . is that 'sureties upon a bond to dissolve an attachment are not discharged by an amendment of the declaration, unless its effect is to let in a new cause of action, and thus to impose upon them a liability greater than that which they assume by signing the bond.' "

In *Bierce v. Waterhouse,* it was held that pending litigation was subject to the power of Congress to make a change

in procedure, and that a redelivery bond was not discharged by such change so long as it did not affect the contractual rights of the parties.

The first two of these cases clearly imply that an amendment introducing a new cause of action which increases the liability of the surety discharges the surety. The third implies that such an effect would follow from a statutory change of procedure having a like result.

The principle is also supported by the authorities holding that amendments of original affidavits in attachment are not permissible if thereby the cause of action on which the affidavit was founded was changed as the result of such amendment. *Westover & Co. v. Van Dorn Iron Works Co.*, 70 Neb. 415, 87 N. W. 598; *Holway v. American Exch. Nat. Bank*, 64 Neb. 67, 89 N. W. 382; *Jaffray v. Wolf*, 1 Okl. 312, 33 Pac. 945.

In Brandt on Suretyship and Guaranty (3d ed.), p. 1006, it is stated that "Sureties on a bond given for the dissolution of an attachment are held not bound for an increase of plaintiff's claim made by amendment after the bonding;" citing *Prince v. Clark*, 127 Mass. 599.

For other authorities holding that sureties on such bonds dissolving attachments are discharged by amendments of the complaint materially changing the cause of action, see: *Hyer v. Smith*, 3 Cranch (C. C.) 437, Fed. Cas. No. 6,979; *Wood v. Denny*, 7 Gray (Mass.) 540; *Fish v. Barbour*, 43 Mich. 19, 4 N. W. 502; *Cassidy v. Saline County Bank*, 7 Ind. Terr. 543, 104 S. W. 829; *Willis v. Crooker*, 1 Pick. (Mass.) 203; *Bryan v. Bradley*, 1 N. C. 54.

In *Wood v. Denny, supra*, it is said:

"In the first of these actions, the new count on a guaranty of a debt due from a third person to the plaintiffs was not for the same cause of action as the money counts, and could not have been given in evidence on those counts. Whether, as between the parties to the action, the filing of that count was properly allowed, is not now a question. As

to the bail, we are of opinion that it discharged him from his undertaking. He became bail in an action for money had and received, money lent and money paid, as set forth in the writ and declaration against the principal, and not in an action on a guaranty, by the principal, of the plaintiffs' claim on another."

The rule by which the court is to decide whether an amendment discharges bail is stated by Mr. Justice Wilde, in *Haven v. Snow*, 14 Pick. (Mass.) 28, 33, as follows:

"Amendments in form merely will not dissolve an attachment, . . . or discharge bail. To have this effect the amendment must be such as may let in some new demand, or new cause of action."

We are satisfied, on both principle and authority, that, even under a statute. as rigorous in its terms as our own, any amendment of a complaint adding entirely new causes of action, subsequent to the giving of a bond dissolving an attachment sued out in the action, operates as a release of the surety upon such bond against that portion of the judgment based upon the new counts.

The judgment is reversed as to the London & Lancashire Indemnity Company, and affirmed as to the other defendants.

ELLIS, C. J., PARKER, MAIN, and WEBSTER, JJ., concur.