[No. 23052. Department One. July 16, 1931.]

J. C. MUNRO, *Appellant*, v. JOHN A. IRWIN, *Respondent*.[1]

*Burkey & Burkey*, for appellants.

*Louis J. Muscek* and *E. F. Adams*, for respondents.

PARKER, J.—The plaintiff, Munro, commenced this action in the superior court for Pierce county seeking recovery of damages from the defendant, Irwin, for Irwin's removal of a building from land leased by Munro to Irwin, during the term of the lease. The cause proceeded to trial in the superior court, sitting without a jury, and resulted in findings and judgment denying to Munro relief as prayed for, from which he has appealed to this court.

[1]Reported in 1 P. (2d) 329.

We refer to Munro and Irwin as the only parties to the action, though their wives are also parties thereto. On April 19, 1927, Munro leased to Irwin a tract of land, 25 by 50 feet, in the village of Parkland, in Pierce county. Irwin then owned a one-story store building situated on the land, which he had acquired by a bill of sale from a prior lessee of the land who had constructed it thereon. The agreed tenancy was "for the term of five years, towit; from the first day of April A. D. 1927 to the first day of April A. D. 1932;" and the agreed rental "$100 per year, to be paid at the rate of $8.34 per month on the first day of each and every month." The lease also contained a stipulation, reading as follows:

"Lessee hereby agrees not to sell any canned goods of any description on the said leased premises. The lessee is hereby given the right to remove all buildings that he should put on lease property at the expiration of said lease, providing he has fulfilled in every way the terms and conditions of this lease; if lease has not been fulfilled then all the buildings and improvements must remain on the leased premises."

The lease does not expressly or inferentially specify any other consideration for its making or any other restriction upon the use of the premises. In the fall of 1927, Irwin built a second story on the building for residence purposes. On March 19, 1929, an outside stairway had been built by Irwin leading to the upper story, which encroached upon other land owned by Munro, and which became a matter of controversy between them, more particularly as to additional rent claimed therefor by Munro. On May 19, 1929, following this controversy, and evidently because of it, Irwin moved his building off the leased land onto nearby land which he owned. On June 4, 1929, Munro, deeming this to be a breach of the condition of the lease

above quoted, gave written notice to Irwin, reading, so far as we need here notice, as follows:

"You are hereby notified that contrary to the provisions of the lease, entered into between the undersigned with you, under date of April 19, 1927, covering . . . , you have removed from said leased premises the building located upon said leased ground, a portion of the building being erected thereon prior to the date said lease became effective and a portion of which was erected by you since the execution of said lease.

"You are further notified that under the terms of said lease you had no right to remove any building from said leased premises until the expiration of the lease, to-wit, April 1, 1932, and then only upon condition that you have fulfilled in every way the terms and conditions of said lease. . . .

"You are therefore notified that you are required to replace said building and improvements upon said leased property, within a period of ten days after service of this notice upon you, or within said period that you surrender to the undersigned said leased property. In the event of your failure to do so, the undersigned will declare said lease forfeited and take such necessary action as may be necessary to terminate said lease."

On June 24, 1929, Munro commenced in the superior court for Pierce county an unlawful detainer action against Irwin, alleging as the sole ground for claiming restitution of the leased land and for forfeiture of the rights of Irwin under the lease, his removal of the building and the notice above quoted, praying for relief as follows:

"WHEREFORE plaintiffs pray for judgment against the defendants adjudging and determining that the defendants have broken the conditions of said lease and that they are unlawfully detaining and holding said premises, and adjudging that said lease is terminated and all rights of the defendants in and to the possession of said property or derived under said lease is

terminated. Plaintiffs pray for such other, further and different relief as to the court shall seem just and the nature of the case may require.''

Irwin answered, pleading facts which he claimed justified his removal of the building, which, however, we need not notice here, in view of the judgment rendered in that action on February 1, 1930, which reads as follows:

"This matter having come on for hearing on the 23rd day of January, 1930, plaintiffs being present and represented by their attorneys, Burkey & Burkey, and defendants being present and represented by their attorney, E. F. Adams, and the defendants having in open court, by their attorney, tendered the lease into court, and having withdrawn all denials and affirmative defenses from their answer, and having admitted the truth of the allegations in the complaint, and having admitted that they had broken the conditions of said lease, and the court having decided, that under the pleadings as amended, that the plaintiffs were and are entitled to a judgment in their favor:

"It Is Therefore Considered, Adjudged and Decreed: That the defendants have broken the conditions of the lease entered into on or about April 19, 1927, covering the North 25 ft. of the West 5 ft. of Lot 24 and the North 25 ft. of Lots 23 and 22 all in Block 24 of Parkland, and that they have been wrongfully detaining and withholding the possession of said premises, and that by reason thereof the plaintiffs elected to declare said lease forfeited, and the said lease is hereby forfeited and terminated for and on account of the conditions thereof broken by the defendants and the possession of said premises is hereby restored to the plaintiffs and plaintiffs are hereby awarded their costs against the defendants taxed at $23.80.''

There was no default in rent drawn in question in that unlawful detainer action; nor any ground for restitution of the premises to Munro or forfeiture of the rights of Irwin under the lease, other than the re-

moval of the building, claimed by Munro as a breach of the condition of the lease above quoted.

On February 24, 1930, Munro commenced this action in the superior court for Pierce county against Irwin, seeking recovery of the building and, in the alternative, damages for its removal. Irwin answered, alleging as one of his affirmative defenses the judgment rendered in the unlawful detainer action as a final adjudication, not only of the termination of the tenancy under the lease and the contract rights and obligations as between them, but also as to any damages suffered by Munro by the removal of the building. The cause proceeded to trial before the court, sitting without a jury, resulting in findings and judgment denying to Munro any relief as prayed for by him.

Briefs of counsel present here this as the principal question to be decided by us: Is the judgment rendered in the unlawful detainer action a final adjudication of the rights and liabilities of the parties drawn in question in this action?

We think it is, viewing this as an action for the recovery of damages from Irwin for his removal of the building, which removal was claimed by Munro in the unlawful detainer action as the sole breach of the lease contract entitling him to successfully maintain that action. Manifestly, Munro proceeded and was awarded relief in that action under the following quoted portions of our forcible entry and detainer statute. We refer to sections of Remington's Compiled Statutes:

"Section 812. A tenant of real property for a term less than life is guilty of unlawful detainer either,—

. . .

"(4) When he continues in possession in person or by subtenant after a neglect or failure to keep or perform any other condition or covenant of the lease or

agreement under which the property is held, including any covenant not to assign or sublet, than one for the payment of rent, and after notice in writing requiring . . . in the alternative the performance of such condition or covenant or the surrender of the property, served (in the manner provided in this act) upon him, and if there be a subtenant in actual possession of the premises, also upon such subtenant, shall remain uncomplied with for ten days after service thereof. Within ten days after the service of such notice the tenant, or any subtenant in actual occupation of the premises, or any mortgagee of the term, or other person interested in its continuance, may perform such condition or covenant and thereby save the lease from such forfeiture; . . .''

''Section 827. If upon the trial the verdict of the jury, or if the case be tried without a jury the finding of the court, shall be in favor of the plaintiff and against the defendant, judgment shall be entered for the restitution of the premises; and if the proceeding be for unlawful detainer after neglect or failure to perform any condition or covenant of a lease or agreement under which the property is held, or after default in the payment of rent, the judgment shall also declare the forfeiture of the lease, agreement, or tenancy. The jury, or the court if the proceedings be tried without a jury, shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial, . . .''

We are of the opinion that damages of the nature here claimed must be adjudicated in an unlawful detainer action, when the lessor seeks by such action restitution of the leased premises and forfeiture of the tenancy for breach of a condition of the tenancy expressed in the lease. Plainly, the removal of the building was the breach of the condition of the lease invoked by Munro to support his claim of restitution of the leased premises and forfeiture of Irwin's rights under the lease. That breach also constituted Mun-

ro's damage, if any he suffered, and was by the terms of the statute above quoted recoverable by him in the unlawful detainer action. This applicable rule is stated in *Crandall v. Iten,* 128 Wash. 277, 222 Pac. 894, as follows:

"It is quite universally held that, in actions between the same parties, a judgment therein is *res judicata* as to all points in issue and as to all points which might properly have been raised and adjudicated therein. This court has so held in a great many cases."

See, also, *Anderson v. National Bank of Tacoma,* 146 Wash. 520, 264 Pac. 8.

Are we correct in assuming this action to be, in legal effect, one for the recovery of damages for the removal of the building? It is true that Munro's prayer for relief in this action is, in form, in the alternative for the recovery of the building or damages for its removal. But the fact remains that damages for breach of the condition of the lease by removal of the building, if any were so suffered by Munro, were damages recoverable in the unlawful detainer action. Munro having commenced and prosecuted his unlawful detainer action to judgment awarding him restitution of the leased land and forfeiture of the lease, without bringing into that action any claim of damage for the breach of the lease condition invoked by him in that action, we are of the opinion that he thereby waived his right to damages he may have so suffered by the removal of the building, and also his right to have the building remain on the leased land.

We conclude that the judgment must be affirmed. It is so ordered.

TOLMAN, C. J., MAIN, MILLARD, and HOLCOMB, JJ., concur.