402 P.2d 696

Delbert M. YERGENSEN, Plaintiff and Appellant,

v.

Emmett D. FORD and N. E. Ferguson, dba Ford & Ferguson, Defendants and Respondents.

No. 10196.

Supreme Court of Utah.

June 9, 1965.

5. Santos v. Simon, 60 Ariz. 426, 138 P. 2d 896; Board of Com'rs of Sherman County v. Alden, 158 Kan. 487, 148 P. 2d 509, 152 A.L.R. 881.

Richards, Bird & Hart, Salt Lake City, for appellant.

Christensen, Paulson & Taylor, Provo, for respondents.

CALLISTER, Justice.

This is an action to renew a judgment almost eight years and five months after the date of its entry. The lower court dismissed the action upon the ground that it was barred by the statute of limitations.[1]

The judgment in question was rendered on September 15, 1949 in an action upon three promissory notes. On April 18, 1950, the defendants (judgment debtors), in order to secure a lien release, entered into a written agreement acknowledging the obligation and thereafter made payments totaling $450. The last payment was made on October 10, 1950. The instant action was commenced on February 5, 1958—more than eight years after judgment, but less than eight years after the acknowledgment and part payment.

Plaintiff first argues that inasmuch as Utah has no statute specifically providing that an acknowledgment or part payment will not toll the limitation of Section 78–12–22, the common law should prevail.[2] However, this state has modified the common law rule[3] by the enactment of Section 78–12–44, U.C.A.1953 which provides:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought within the period prescribed for the same after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby. When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense."

Whereas the common law rule tolls the limitation period in case of an acknowledgment or part payment in all actions, the foregoing statute restricts it only to those actions founded upon contract. Furthermore, a reasonable interpretation of the last sentence of this statute would compel the conclusion that any statute which bars a right of action is conclusive unless its operation is suspended by the specific provisions of 78–12–44.[4]

1. 78–12–22, U.C.A.1953: "Within eight years: An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States."

2. 34 Am.Jur., Limitation of Actions, § 333, p. 262.

3. For a discussion of this rule, see Olson v. Dahl, 99 Minn. 433, 109 N.W. 1001, 8 L.R.A.,N.S., 444 (1906).

4. 68–3–2, U.C.A.1953: "The rule of the common law that statutes in derogation thereof are to be strictly construed has no application to the statutes of this state. * * *"

It is next argued by plaintiff that the phrase, "In any case founded on contract," contained in 78–12–44 includes the judgment in the instant action because it was founded upon the promissory notes. In effect, the plaintiff claims that the debt (contract) upon which his judgment was rendered is revived so that it retains its original character and thus falls within the tolling provisions of 78–12–44.

This argument is without merit, for when a valid and final judgment for the payment of money is rendered, the original claim is extinguished, and a new cause of action on the judgment is substituted for it. In such a case, the original claim loses its character and identity and is merged in the judgment.[5]

Finally, plaintiff contends that the word "contract," as used in 78–12–44 includes judgments and thus the limitation period of 78–12–22 may be tolled.

There is a division of authority as to whether a judgment is considered to be a contract within the meaning of the limitation statutes.[6] We adopt the view that it is not and an action thereon is not ex contractu.

The doctrine relating to acknowledgment or part payment applies only to cases founded upon assumpsit and has no application where the action does not rest upon a promise.[7] To suspend the operation of the statute, the obligation upon which the action is based must be founded upon a promise and must not be in debt or covenant or in actions in effect the same. In an action on a judgment, debt is the proper form of action, and assumpsit will not lie to enforce it.[8] Therefore, since an action on a judgment will not lie in assumpsit and the rule tolling the statute applies only to contracts based on a promise enforceable in assumpsit, a judgment is not a contract within the meaning of the limitation statutes.

That the legislature did not intend a judgment to be construed as a contract is evidenced by the fact that it limited actions upon a written contract to six years [9] and actions upon a judgment to eight years, thus treating them separately.

A money judgment forms the basis for but two legal proceedings: (1) a suit thereon, brought within eight years, wherein it forms the basis or chose in action for a new judgment, or (2) some form of proceeding in execution for collection.[10] Rule 69(a), Utah Rules of Civil Procedure, provides that process to enforce a judgment

---

5. Restatement of Judgments, § 47.
6. 45 A.L.R.2d 968–984; 34 Am.Jur., Limitation of Actions, § 335, p. 264.
7. Wood on Limitations (4th Ed.) § 66.
8. 50 C.J.S. Judgments § 851, p. 423; 7 C.J.S. Assumpsit, Action of § 7, p. 113.
9. 78–12–23, U.C.A.1953.
10. Youngdale v. Burton, 102 Utah 169, 128 P.2d 1053 (1942).

shall be by writ of execution which may issue at any time within eight years after the entry of judgment. Thus, there is imposed an eight-year limitation period on the two basic legal proceedings on a judgment, without any indication of an intent upon the part of the legislature to extend the period by part payment or written acknowledgment.

There is also a strong policy argument for holding that the limitation period on actions on judgments is not tolled by the provisions of 78–12–44. It is provided in Section 78–22–1, U.C.A.1953, that from the time a judgment is docketed it becomes a lien upon all real property of the judgment debtor, both in the county where the judgment is entered and in any other county of the state where the judgment is filed and docketed. This lien continues for a period of eight years unless the judgment is satisfied or the enforcement is stayed.

A contract is ordinarily not a matter of public record and the tolling of the statute of limitations as provided in 78–12–44 would have no significant effect except upon the parties to the contract. By contrast, a judgment is a public record, and this record is relied upon to determine the status of legal title to real property. A written acknowledgment or a part payment would

not ordinarily be reflected upon the official records and, if they could extend the limitation period on judgments, it would not be possible to ascertain from the public records a correct assessment of the legal title to real property.

For the foregoing reasons, the judgment of the lower court is affirmed.[11] Costs to defendants.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and WADE, JJ., concur.

11. For excellent discussions upholding this view, see: Sharp v. Sharp, 154 Kan. 175, 117 P.2d 561 (1941); LaSalle Extension Univ. v. Barr, 19 N.J.Misc. 387, 20 A.2d 609 (1941); Giordano v. Wolcott, 46 N.J.Super. 278, 134 A.2d 593 (1957); Mutual Trust & Deposit Co. v. Boone (Ky.), 267 S.W.2d 751, 45 A.L.R.2d 962 (1954).