[No. 13641-1-I.   Division One.   February 18, 1986.]

CAINE & WEINER, *Appellant,* v. VAN BARKER, *Respondent.*

WILLIAMS, J., concurs by separate opinion.

*Luedke & Miller* and *Keith D. Miller,* for appellant.

*Cromwell, Mendoza & Belur* and *Frederick Mendoza,* for respondent.

SCHOLFIELD, C.J.—Linn D. Wise appeals from the trial court's denial of his motion for post–judgment attorney's fees, which he alleges were provided for in the promissory note upon which his judgment was based.[1] Wise assigns error to the court's finding that the note, along with its attorney's fees provision, merged with and was extinguished by the judgment. We affirm.

### FACTS

In June 1975, Van Barker, d/b/a Tex Williams Record Shop, purchased instruments from Pacific Music Supply Company in California. Barker signed a promissory note for $5,527.46 and Linn D. Wise cosigned. The note provided that:

> [I]n case suit is instituted to collect this note or any portion thereof, [w]e promise to pay . . . reasonable . . . Attorney's fees in said suit.

Barker defaulted on the note in September 1975 with more than $3,600 still owing, and Pacific Music Supply assigned the debt to Caine & Weiner for collection. After attempting to collect from Barker, Caine & Weiner brought suit against both Barker and Wise. A default judgment was entered in Los Angeles Municipal Court on November 17, 1976, against Barker and Wise for the balance due on the note plus $375 for reasonable attorney's fees as provided for in the note.

Wise paid the obligation, and Caine & Weiner assigned the judgment to him in March 1983. Wise in turn collected the judgment from Barker, but incurred over $4,000 in attorney's fees in doing so. He then brought a post–judgment motion, seeking to recover these costs under the attorney's fees provision of the note. From the denial of that motion by the trial court, Wise appeals.

### THE DOCTRINE OF MERGER

There is a paucity of case law in Washington interpreting

---

[1]Although Caine & Weiner is listed as the appellant in this action, the real party in interest is Linn D. Wise, the assignee of Caine & Weiner's judgment.

the merger doctrine, although the rule is well settled in other jurisdictions.

■ Claim preclusion, or res judicata, has two aspects. The first applies to a judgment for a defendant, barring the plaintiff from bringing another action on the same claim. Restatement (Second) of Judgments § 19 (1982). The second aspect is the rule of merger, which applies generally to a judgment for a plaintiff in an action to recover money. *Carothers v. Carothers,* 260 Or. 99, 488 P.2d 1185 (1971). As a general rule, when a valid final judgment for the payment of money is rendered, the original claim is extinguished, and a new cause of action on the judgment is substituted for it. *Yergensen v. Ford,* 16 Utah 2d 397, 402 P.2d 696, 697 (1965); 6 A. Corbin, *Contracts* § 1318 (1962); 15 S. Williston, *Contracts* § 1874 (3d ed. 1972). Thereafter, the plaintiff cannot maintain an action on the original claim or any part thereof. Restatement (Second) of Judgments § 18.

As applied to promissory notes, the rule refers only to cases where parties are jointly liable or where judgment is rendered against both the maker and secondarily liable parties. *Petri v. Manny,* 99 Wash. 601, 170 P. 127, 1 A.L.R. 1595 (1918). Thus, judgment against a maker will not preclude suit against an endorser of a note since their liability is not joint, but several. *Petri v. Manny, supra.*

The merger rule is based in part upon the need to prevent vexatious relitigation of matters that have already passed into judgment as between the parties to the litigation and their successors. Williston, *supra* § 1875. However, despite the general rule that underlying rights and obligations are extinguished by the judgment, the doctrine is designed to promote justice and should not be carried further than that end requires. 11 Am. Jur. 2d *Bills and Notes* § 922 (1963); 50 C.J.S. *Judgments* § 599 (1947). Therefore, where the original obligation provides for special rights or exemptions, in some circumstances these may be preserved and recognized despite merger. *Nelson v. Nelson,* 91 Ariz. 215, 370 P.2d 952 (1962).

The case at bar arose out of an action on a promissory note to recover a money debt. The liability of Wise as a comaker on the note is evidenced by the insertion of "[w]e" in the blank space preceding "promise to pay". Therefore, the merger rule would apply here to bar any further claim under the note against either Wise or Barker once the debt was reduced to judgment.

Caine & Weiner, as assignees of the note, had the same contractual right under the note as its assignor, Pacific Music Supply Company, to be reimbursed for its attorney's fees expended in reducing the note to judgment. *Associated Indem. Corp. v. Wachsmith,* 2 Wn.2d 679, 99 P.2d 420, 127 A.L.R. 531 (1940). Caine & Weiner obtained a default judgment for the entire balance due on the note plus interest, costs, and $375 in reasonable attorney's fees. Thus, the entire obligation was reduced to a money judgment and, therefore, extinguished. Wise and Barker's former joint obligation on the note then became an obligation on the judgment.

In summary, the only attorney's fees that Caine & Weiner had a right to recover were included in the default judgment. When Wise discharged his obligation and took an assignment of the judgment, as assignee, he had no greater right than did his assignor, Caine & Weiner, to collect attorney's fees from Barker. *Associated Indem. Corp. v. Wachsmith, supra.*

Moreover, the application of the rule here is just and equitable. Under Washington law, a default judgment can go no further than the allegations of the complaint. CR 54(c); *Ware v. Phillips,* 77 Wn.2d 879, 468 P.2d 444 (1970). The debtor has a right, therefore, to assume that the amount of attorney's fees granted on default will not exceed the amount described in the complaint and to allow the default in reliance upon that assumption. *Allison v. Boondock's, Sundecker's & Greenthumb's, Inc.,* 36 Wn. App. 280, 673 P.2d 634 (1983). To permit the judgment creditor, at the time of executing a foreign judgment, to increase the amount of reasonable attorney's fees and thus the judg-

ment itself, would do violence to this principle. In the absence here of a showing to the contrary, we presume that the law of California is the same. RCW 5.24.040; *Granite Equip. Leasing Corp. v. Hutton,* 84 Wn.2d 320, 324, 525 P.2d 223, 72 A.L.R.3d 1172 (1974). In addition, the fee provision was included here to benefit the holder of the note, not for the purpose of indemnifying one maker against his comaker for costs associated with discharging their joint obligation.

The appellant's attempt to analogize this case to *Puget Sound Mut. Sav. Bank v. Lillions,* 50 Wn.2d 799, 314 P.2d 935 (1957), *cert. denied,* 357 U.S. 926 (1958), is without merit. In *Lillions,* the parties agreed that attorney's fees would be paid if the particular mortgage at issue was foreclosed. *Lillions,* at 806. The court construed this agreement to mean that the parties intended that the mortgagee recover all legal fees necessary to prosecute the foreclosure to its "ultimate conclusion". *Lillions,* at 807. The mortgagee obtained a foreclosure decree, but the mortgagor appealed from the trial court's decision. Since an appeal was taken, the Supreme Court held that the foreclosure decree entered by the trial court was not final until affirmed on appeal, and therefore, the mortgagee was entitled to recover a fee for prosecuting the appeal. *Lillions,* at 807.

Here, unlike *Lillions,* no appeal was taken from the court's decree that the promissory note was in default, and the default judgment became the final or "ultimate conclusion" of the action. Nothing more was required to finalize the judgment creditor's right to enforce the court's decree. Thus, this case does not fall within the rule that, where attorney's fees are provided for by agreement, they are allowed when an appeal is required to gain a final judgment.

In conclusion, the merger doctrine bars Wise from using a provision in the promissory note to recover his attorney's fees. Based upon this conclusion, attorney's fees also could not be awarded to either party on appeal.

840

Judgment affirmed.

SWANSON, J., concurs.

WILLIAMS, J. (concurring)—I join in affirming the order denying Wise's motion for attorney fees. A judgment contains the final word upon all points in issue between the parties and all points which might properly have been raised and adjudicated in the action. *Munro v. Irwin,* 163 Wash. 452, 1 P.2d 329 (1931). Not only could the question of attorney fees have been raised in this case, it was and an amount therefor entered in the judgment. Now, Wise, as successor in interest to the judgment creditor, is attempting to open the judgment and relitigate the attorney fee issue. He can't do that; there must be finality to judgments.