578 So.2d 801 (1991)
FLORIDA POTTERY STORES OF PANAMA CITY, INC., Wallace C. Yost, and Allen J. Miller, Appellants,
v.
AMERICAN NATIONAL BANK, Appellee.
No. 89-2476.
District Court of Appeal of Florida, First District.
April 23, 1991.
*802 David L. Fleming, Robin A. Kobacker and Lonnie D. Loren, Pensacola, for appellants.
Larry A. Bodiford and Bill R. Hutto of Hutto, Nabors, Bodiford & Warner, Panama City, for appellee.
MINER, Judge.
In this appeal, appellants seek review of a supplemental final judgment awarding attorney's fees and an order of the trial court dismissing an amended counterclaim on the ground that it was based on an oral agreement rendered unenforceable by the statute of frauds. We find merit in appellants' contentions and reverse.
From what we can glean from the somewhat sparse record before us, appellee, American National Bank (ANB) brought suit on a promissory note against appellants, Florida Pottery Stores, Wallace Yost and Allen Miller. Florida Pottery Stores was the borrower and Yost and Miller were guarantors. After appellants filed an answer and counterclaim, the trial court entered final judgment for ANB in the amount of $419,545.40. Apparently, appellants' counterclaim was severed. Yost and Miller appealed the final judgment entered in favor of ANB and thereafter their severed counterclaim was dismissed, triggering another appeal. These two appeals were consolidated. See Yost v. American National Bank, 570 So.2d 350 (Fla. 1st DCA 1990).
Subsequently, Florida Pottery Stores filed a second amended counterclaim alleging breach of contract by ANB. According to the allegations in the counterclaim, Yost had informed ANB's President that Florida Pottery Stores would need $650,000 in funding to begin operations. Florida Pottery Stores borrowed ANB's legal lending limit of $400,000 and ANB represented that it would secure participation for the remaining $250,000. The counterclaim alleged in pertinent part:
In reliance upon [ANB's President's] representations, Florida Pottery made a series of interim borrowings from ANB between June 20, 1986 and July 29, 1986, totaling approximately $400,000.

*803 5. Yost and [ANB's President] agreed that the package loan of $650,000 would have the following terms:
(a) Interest rate  12% per annum
(b) Five-year amortization
(c) Collateral  security interest in Florida pottery inventory and a second mortgage on Mariner Plaza Shopping Center.
Thus, the above-referenced interim loans were structured so as to be under terms similar to those to be included in the participated, package loan, and Yost and [ANB's President] structured the transaction in the manner which they believed would be the most attractive to the participant. Yost was aware of ANB's lending limit and would not have caused Florida Pottery to make the series of interim loans in an amount which would ultimately leave Florida Pottery under-capitalized had he not been lead by [ANB's President] to believe that ANB would arrange a participation so that the additional $250,000 would be funded.
When ANB failed to secure participation, Florida Pottery Stores became undercapitalized and suffered lost profits.
To this amended counterclaim, ANB filed an answer denying all but the jurisdictional allegations and raising as affirmative defenses the statute of frauds and the parol evidence rule. With the joining of issues, ANB filed a motion for summary judgment supported by an affidavit from its President, the essence of which was that Florida Pottery Stores only requested a $400,000 loan and that there was no written agreement to loan any amount over that sum.[1]
On August 15, 1989, the trial court issued its order granting final summary judgment in favor of ANB and dismissing the counterclaim. The trial court found that the $400,000 loan was accomplished by a series of three promissory notes executed by Florida Pottery Stores between June 20 and July 29, 1986. These notes were renewed in a single note executed on September 18, 1986, which note was later renewed on March 17, 1987, and again on June 16, 1988. The trial court concluded that any of the alleged negotiations or conversations concerning the package loan of $650,000 merged into the closing and subsequent renewal of the $400,000 loan at the time the notes were executed. In addition, the trial court deemed the oral agreement unenforceable under the statute of frauds. The court reasoned that the five-year repayment provision precluded the contract from being performed within the space of one year.
As the parties proceeded with the counterclaim, a separate dispute arose concerning ANB's entitlement to attorney's fees. Although ANB took its judgment in December 1988, appellants did not file a supersedeas bond until the latter part of April of the following year. The bond, in the amount of $493,849.67 was approved by the trial court. Two days after filing the supersedeas bond, ANB filed a motion "for assessment of attorney fees and costs incurred in this litigation under the terms of the note sued upon."[2] Appellants filed a memorandum disputing ANB's entitlement to attorney's fees arguing that section 57.115, Florida Statutes (1987), which section provides for post-judgment attorney's fees, was inapplicable because ANB was not forced to bring supplemental proceedings. In addition, appellants asserted that attorney's fees could not be assessed against the guarantors unless their guaranty agreement specifically provided for such liability. ANB responded by arguing that section 57.115 was applicable, and by pointing out that the guaranty provision incorporated the terms of the note including liability for attorney's fees.
On June 23, 1989, the trial court issued its supplemental final judgment awarding costs and attorney's fees to ANB. The *804 court found that ANB's attorney spent a total of 90 hours in pre- and post-judgment prosecution of the claim; a fee of $150.00 per hour resulted in an attorney's fee award of $13,500. The judgment did not state whether the award was based upon section 57.115 or upon the terms of the note. On August 15, 1989, the trial court denied appellants' motion for rehearing whereupon this appeal ensued.
Turning first to appellants' contention that the trial court erred in granting summary final judgment for ANB, we first observe that Rule 1.510, Florida Rules of Civil Procedure, provides that a summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." On the record before us, we conclude that the undisputed facts as set forth in the trial court's order are insufficient to establish ANB's entitlement to judgment as a matter of law. The trial court correctly determined that the following facts were undisputed: (1) any agreement relating to participation for an amount in excess of $400,000 was oral; (2) the participated portion of the loan was to be payable over a five-year period,[3] and (3) the record was silent as to when the participated portion of the loan would be made. These facts do not establish as a matter of law that the oral agreement was barred by the statute of frauds.[4]
The trial court found the agreement barred by the statute of frauds because repayment would not occur within one year. Although such finding addressed one side of the alleged agreement, it did not establish that the other side (i.e., securing participation) could not be completed within a year. In short, the trial court mistakenly believed that the statute of frauds would apply whenever a single side of an agreement was not intended to be performed within one year.
To be within, and thus barred by, the provision in the statute of frauds concerning agreements "not to be performed within the space of one year from the making thereof," it must be shown that neither party's performance was intended to be complete within one year. Thus, in Yates v. Ball, 132 Fla. 132, 181 So. 341, 345 (Fla. 1937), the supreme court stated:
The rule is generally approved in this country that the statute of frauds applies only to contracts not to be performed on either side within the year, and has no application to contracts which by intent were fully performed within the year on one side.

(Emphasis added). See also Wassil v. Gilmour, 465 So.2d 566, 567 (Fla. 3d DCA 1985); W.B.D., Inc. v. Howard Johnson Company, 382 So.2d 1323, 1327 (Fla. 1st DCA 1980). Thus, the oral agreement was not necessarily barred simply because repayment would not occur within one year. For the statute of frauds to apply it also had to be shown that the other side of the contract was not intended to be performed within one year. In Central National Bank of Miami v. Central Bancorp, Inc., 411 So.2d 358, 362 (Fla. 3d DCA 1982), the court stated:
Intent of the parties is generally the determining factor as to whether all the terms of a contract are to be performed within a year. When no definite time is fixed by the parties for performance of the agreement, and there is nothing in its terms to show that it cannot be performed within a year according to the intent and understanding of the parties, it will not be construed as being within the statute of frauds.
Since it appears that a factual issue existed concerning the parties' intent to secure participation within one year, summary judgment based upon the statute of frauds should not have been granted. See Monogram Products, Inc. v. Berkowitz, 392 So.2d 1353, 1355 (Fla. 2d DCA 1980).
*805 In addition, the trial court seems to have erred in granting summary judgment on the basis of merger. This doctrine establishes a presumption that negotiations which precede or accompany the execution of a contract will merge into the written instrument. Thus, merger is simply a specific application of the parol evidence rule which proscribes the use of extrinsic evidence to contradict, enlarge or modify the terms of a written instrument. Although the trial court correctly stated these general propositions, it did not take into account the exceptions which permit the use of parol evidence to demonstrate that the written contract was procured by fraud. See Nobles v. Citizens Mortgage Corporation, 479 So.2d 822 (Fla. 2d DCA 1985). It is also well established that parol evidence is admissible to prove a contemporaneous oral agreement which induced the execution of a written contract. See Wise v. Quina, 174 So.2d 590, 596 (Fla. 1965); Furlong v. First National Bank of Hialeah, 329 So.2d 406, 408 (Fla. 3d DCA 1976). Because Florida Pottery's complaint clearly alleges that an oral agreement with ANB to secure participation was its inducement for taking the $400,000 loan, summary judgment on the basis of merger was inappropriate.
With respect to the award of post judgment costs and attorney's fees, the parties agree that the award of attorney's fees was based upon provisions in the note and was not pursuant to section 57.115. In addition, appellants concede that only the amount and entitlement to post-judgment fees are in dispute. Analysis of this issue is made difficult by the fact that there is no transcript of the hearing on attorney's fees contained in the record. The supplemental final judgment, however, appears to us facially deficient. First, it is apparent that the trial court did not apply Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), to determine the amount of the fee. Rowe, which requires specific findings, is applicable regardless of whether entitlement to fees is based upon contract or statute. Boyette v. Martha White Foods, Inc., 528 So.2d 539, 541 (Fla. 1st DCA 1988). The trial court's order is also flawed in failing to separately treat pre- and post-judgment fees. Consequently, there is no way to determine how much of the 90 hours was awarded for post-judgment efforts.
Concerning entitlement to post-judgment attorney's fees, the note contained the following standard provision: "I agree to pay the costs you incur to collect this note in the event of my default, including your reasonable attorney's fees." This provision applied to the borrower, and to the guarantors by reference.[5] Although this provision was sufficient to support an award of prejudgment attorney's fees, we doubt its applicability to post-judgment fees.
As a general rule, these provisions do not cover an attorney's services in collateral proceedings. See 11 C.J.S. Bills and Notes § 726(b)(6) (1938). In Florida, it is well established that contractual provisions relating to attorney's fees are to be strictly construed. Bay Lincoln-Mercury-Dodge, Inc. v. Transouth Mortgage Corporation of Florida, 531 So.2d 1027 (Fla. 1st DCA 1988). In Bowman v. Kingsland Development, Inc., 432 So.2d 660 (Fla. 5th DCA 1983), the court interpreted an almost identical "costs of collection" provision in a promissory note. There, the payee brought suit on the note and recovered his attorney's fees. When the trial court reduced the fee award, the payee took an unsuccessful appeal in which he also sought appellate attorney's fees under the terms of the note. In holding that the provision did not permit the payee to recover his appellate attorney's fees, the court stated:
The right to attorney's fees under any contractual provision is limited by the terms of such provision. Attorney's fees are not necessarily recoverable as to any *806 and all litigation relating to a contract that provides for attorney's fees.
Id. at 664. Although Bowman is not directly on point, it illustrates the limited application given to costs of collection provisions in Florida.
Moreover, it is doubtful that the provision concerning attorney's fees continued to have effect after the note was reduced to judgment. A cause of action merges into the judgment obtained. Brinker v. Ludlow, 379 So.2d 999, 1002 (Fla. 3d DCA 1980), aff'd, 403 So.2d 969 (Fla. 1981). Noted practice and procedure authority Henry Trawick explains:
A cause of action that is sued on merges in any final judgment entered. The preexisting obligation ceases to exist. The only thing that remains is the judgment. A judgment for money then becomes the debt. The judgment for other than money becomes the obligation.
Trawick, Florida Practice and Procedure, § 25-13 (1990) (footnotes omitted). In Caine & Weiner v. Barker, 42 Wash. App. 835, 713 P.2d 1133 (Wash. Ct. App. 1986), the merger doctrine was applied to a suit on a promissory note. The maker and the guarantor issued a note containing a costs of collection provision similar to the provision in the instant case. Upon default, a judgment was entered. The payee assigned the judgment to the guarantor after the guarantor paid the obligation. The guarantor then took the judgment and proceeded against the maker, seeking payment of the judgment in addition to attorney's fees under the note's costs of collection provision. In rejecting the guarantor's entitlement to fees, the court stated:
As a general rule, when a valid final judgment for the payment of money is rendered, the original claim is extinguished and a new cause of action on the judgment is substituted for it. Thereafter, the plaintiff cannot maintain an action on the original claim or any part thereof.
Id. 713 P.2d at 1134 (citations omitted). See also, Chelios v. Kaye, 219 Cal. App.3d 75, 268 Cal. Rptr. 38 (1990); Production Credit Association of Madison v. Laufenberg, 143 Wis.2d 200, 420 N.W.2d 778 (Ct. App. 1988). Thus, we hold that ANB was not contractually entitled to attorney's fees for enforcing the judgment.
Accordingly, the summary final judgment and the supplemental final judgment are REVERSED and the case is REMANDED for further proceedings consistent with this opinion.
ZEHMER and ALLEN, JJ., concur.
NOTES
[1] Attached to the affidavit was a May 23, 1986 letter from Florida Pottery's realtor to ANB. The letter mentions that construction had begun on Florida Pottery's store, and also mentions a "requested $400,000 commercial loan" from ANB.
[2] Apparently, a hearing was held on ANB's motion for attorney's fees. A transcript of the hearing is not contained in the record and it is thus not clear when the hearing was held.
[3] Such was affirmatively stated in paragraph 5 of appellants' second amended counterclaim.
[4] Section 725.01, Florida Statutes (1985).
[5] The guarantors agreed that "all of the terms of the note" would apply. In addition, guarantors were included within the definition of "I" which then brought them within the costs of collection provision.