FILED
COURT OF APPEALS
DIVISION II

2015 MAR 17 AM 8: 41

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MARK DOYLE and CAROLYN DOYLE, husband and wife,<br><br>                     Respondents,<br><br>    v.<br><br>JAMES GOUGHNOUR, and all known occupants of 1202 W. Young St., Elma, Wash.,<br><br>                     Appellant. | No. 44708-8-II<br><br><br><br><br><br>UNPUBLISHED OPINION |

LEE, J. — James Goughnour appeals a post-mandate judgment awarding trial court attorney fees and costs, damages, and appellate attorney fees and costs to Mark and Carolyn Doyle in this unlawful detainer action. Goughnour argues that the trial court lacked authority to grant this additional relief. We hold that the Doyles waived the right to recover trial court attorney fees, costs, and damages when they did not pursue this relief during the initial show cause hearing on their unlawful detainer complaint. However, we hold that the appellate rules authorized the trial court to enforce our award of appellate attorney fees and costs to the Doyles. Accordingly, we reverse in part, affirm in part, and remand for correction of the judgment.

## FACTS

In 2009, the Doyles and Goughnour entered into a written rental agreement providing that Goughnour would pay $1,000 per month to rent property from the Doyles. On April 15, 2010,

they entered into a new agreement that expressly superseded all previous agreements, including the 2009 agreement, and provided that Goughnour would pay monthly rent of $800 beginning May 1, 2010. The agreement provided further that either party could terminate the lease upon 30 days' notice.

In October 2010, the Doyles filed a complaint for eviction/unlawful detainer. The complaint alleged that Goughnour had not paid rent since August 2010. The Doyles requested termination of the tenancy, issuance of a writ of restitution, a monetary judgment of $1,600 for delinquent rent, and an award of attorney fees and costs. The trial court issued an order to show cause why it should not grant the relief requested.

Goughnour answered that he had an accrued rental credit due to rent that he overpaid under the 2009 agreement and that he was entitled to apply this overpayment to the rent due in September and October 2010. He asserted several other affirmative defenses as well.

During the show cause hearing on November 1,[1] the only relief that the Doyles requested was a writ of restitution. The trial court granted the show cause order and issued a writ of restitution. Both the order and the writ were prepared by the Doyles' attorney, and neither awarded damages, attorney fees and costs, or reserved judgment thereon.

Goughnour appealed the show cause order and the writ of restitution. In an unpublished opinion, we affirmed the trial court and awarded the Doyles attorney fees and costs on appeal. *Doyle v. Goughnour*, noted at 167 Wn. App. 1018, 2012 WL 950091. We subsequently mandated

---

[1] The transcript of this hearing is part of the record in Goughnour's prior appeal under No. 41538-1-II. We may take judicial notice of court records in the same case. ER 201(f); *Spokane Research & Defense Fund v. City of Spokane*, 155 Wn.2d 89, 98, 117 P.3d 1117 (2005).

No. 44708-8-II

the case to the trial court for further proceedings in accordance with our opinion. Approximately three weeks later, our commissioner granted the Doyles' motion to reopen the time to file an affidavit of fees and expenses.[2] The commissioner then awarded the Doyles appellate attorney fees of $5,760 and appellate costs of $35.95. We denied Goughnour's motions to modify the ruling extending the time to file the attorney fee request and the award of appellate attorney fees and costs in a single order, and the Supreme Court denied review of that ruling.

On January 14, 2013, the Doyles moved for entry of judgment in the trial court in the amounts awarded by this court, plus an additional $1,600 in unpaid rent for September and October 2010, and trial court attorney fees of $1,800 and trial court costs of $377 incurred in the pre-appeal proceedings, for a total amount of $9,572.95 plus interest. The trial court entered judgment for the amounts requested in favor of the Doyles. Goughnour appeals that judgment.

ANALYSIS

A. AUTHORITY TO AWARD DAMAGES/TRIAL COURT ATTORNEY FEES AND COSTS

Goughnour contends that the trial court lacked authority to enter the January 2013 judgment because the November 2010 show cause order was a final order that did not allow the Doyles to seek additional relief in the form of damages or trial court attorney fees and costs. We review this challenge de novo. *See City of College Place v. Staudenmaier*, 110 Wn. App. 841, 845-46, 43 P.3d 43 (applying de novo review to questions of law), *review denied*, 147 Wn.2d 1024 (2002).

---

[2] The affidavit was due within 10 days of the filing of our decision, but the commissioner extended the deadline because we neglected to send the Doyles' attorney a copy of the opinion. RAP 18.1(d).

3

As we recognized in our previous opinion, this was an unlawful detainer action under chapter 59.18 RCW. *Doyle*, 2012 WL 950091, at *2; CP 114. Upon filing an action for unlawful detainer, the plaintiff may apply for an order directing the defendant to appear and show cause why a writ of restitution should not issue restoring possession of the property to the plaintiff. RCW 59.18.370; *Country Manor MHC, LLC v. Doe*, 176 Wn. App. 601, 612, 308 P.3d 818 (2013). The trial court may grant a writ of restitution at the show cause hearing if the right to possession is clear, and it may grant other requested relief if there are no substantial issues of material fact. *Indigo Real Estate Services, Inc. v. Wadsworth*, 169 Wn. App. 412, 421, 280 P.3d 506 (2012); *Hartson P'ship v. Goodwin*, 99 Wn. App. 227, 230-31, 991 P.2d 1211 (2000). The court's jurisdiction in unlawful detainer proceedings is limited to the right to possession of real property and a few related issues such as damages and rent due. *Angelo Prop. Co. v. Hafiz*, 167 Wn. App. 789, 811 n.38, 274 P.3d 1075 (quoting *Phillips v. Hardwick*, 29 Wn. App. 382, 385-86, 628 P.2d 506 (1981)), *review denied*, 175 Wn.2d 1012 (2012). In addition, the prevailing party in an unlawful detainer action may recover his or her costs and reasonable attorney fees. RCW 59.18.290(2).

Because unlawful detainer is a special statutory form of action that involves different and speedier procedures than ordinary civil actions, it cannot be turned into an ordinary action. 17 WILLIAM B. STOEBUCK AND JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 6.80, at 444 (2d ed. 2004). Therefore, questions that the statute allows to be tried in an unlawful detainer action must be tried at the show cause hearing, or they will be barred. 17 STOEBUCK, *supra*, § 6.80 at 444.

No. 44708-8-II

Our Supreme Court applied this principle in rejecting an action for damages that a landlord brought after successfully prosecuting an unlawful detainer action to judgment. *Munro v. Irwin*, 163 Wash. 452, 458, 1 P.2d 329 (1931). Because the damages sought in the second action were based on the breach that led to the first action, the initial judgment was res judicata as to the damages claim. *Munro*, 163 Wash. at 458. By not seeking damages in the initial unlawful detainer action, the landlord waived his right to recover those damages and was limited to the relief he had obtained earlier. *Munro*, 163 Wn. at 457-48; *see Caine & Weiner v. Barker*, 42 Wn. App. 835, 840, 713 P.2d 1133 (1986) (citing *Munro* in stating that judgment contains final word on all points that could have been raised and adjudicated in the action) (Williams, J. concurring).

The Doyles requested damages and attorney fees in their complaint for unlawful detainer but did not pursue that request during the show cause hearing. That hearing resulted in a final judgment that did not address damages, attorney fees, or costs, or reserve any claim for such relief. *See Chambers v. Hoover*, 3 Wash. Terr. 20, 21, 13 P. 905 (1887) (order awarding writ of restitution is final judgment). In their postjudgment motion, the Doyles sought to recover the unpaid rent damages that had prompted their initial complaint. Because they could have pursued this relief and their related request for attorney fees and costs during the initial show cause hearing but failed to do so, their request for postjudgment relief was barred by principles of res judicata and waiver. *See West v. Gregoire*, 184 Wn. App. 164, 171, 336 P.3d 110, 113 (2014) (when a party asserts a claim in pleadings but does not press the claim in any way at trial, the party abandons the claim).

This is not a case where the postjudgment motion was simply an attempt to clarify the earlier judgment, as was the case in *Excelsior Mortgage Equity Fund II, LLC v. Schroeder*, 171 Wn. App. 333, 287 P.3d 21 (2012), *review denied*, 177 Wn.2d 1005 (2013). The motion at issue

in *Excelsior Mortgage* sought approval of a procedure whereby the purchaser could effectuate the judgment to which it had already proved it was entitled: a judgment for restitution of the premises. 171 Wn. App. at 344. The trial court had authority to grant the postjudgment motion and to thereby enforce its existing judgment. *Excelsior Mortgage*, 171 Wn. App. at 345.

The Doyles' motion sought to obtain a new judgment rather than enforce an existing one. Because they waived the right to recover the damages, attorney fees, and costs they requested in their postjudgment motion, we must remand so that the awards for unpaid rent and trial court attorney fees and costs can be stricken from the judgment.

B.     APPELLATE FEES AND COSTS

Goughnour also contends that the trial court erred in entering a judgment for the Doyles' appellate attorney fees and costs. Our review of this legal question is again de novo. *City of College Place*, 110 Wn. App. at 845-46.

We retain the power to make discretionary awards of attorney fees and costs on appeal, even after the mandate issues. RAP 12.7(c); *Thompson v. Lennox*, 151 Wn. App. 479, 488-89, 212 P.3d 597 (2009). After the mandate issued in the earlier appeal, the commissioner granted the Doyles an extension of time to file their request for attorney fees and costs and awarded them appellate attorney fees and costs of $5,795.95. We rejected Goughnour's motions to modify these rulings, and the Supreme Court denied Goughnour's motion for discretionary review. Goughnour's challenges having been rejected, and the trial court was authorized to enforce our award of appellate attorney fees and costs. RAP 18.1(h), RAP 14.6(c).

No. 44708-8-II

We reverse the award of damages for unpaid rent and the award of trial court attorney fees and costs, affirm the award of appellate attorney fees and costs, and remand for correction of the judgment accordingly.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Johanson, C.J.

_____
Maxa, J.