749 A.2d 823

**G–C PARTNERSHIP et al.**

v.

**Louis M. SCHAEFER et al.**

**No. 153, Sept. Term, 1999.**

Court of Appeals of Maryland.

April 17, 2000.

Jonathan M. Genn, Silver Spring; Gilbert J. Genn (Law Offices of Gilbert J. Genn, P.C.), Bethesda, for Petitioners.

Gerard P. Martin and Steven F. Wrobel (Martin, Snyder & Bernstein, P.A.), Baltimore, for Respondents.

Submitted to BELL, C.J., and ELDRIDGE, RODOWSKY, RAKER, WILNER and CATHELL, JJ.

PER CURIAM.

This day we granted certiorari in the above matter. We now summarily vacate the judgment of the Court of Special Appeals, rendered with an unreported opinion, and we direct that the appeal be dismissed for want of a final judgment.

The petitioners, plaintiffs in the Circuit Court for Montgomery County, are G–C Partnership and Martha B. Gudelsky. The respondents, defendants in the circuit court, are Louis M. Schaefer, David G. Strohminger, and Paul F. Charlebois. The action was for breach of a guaranty agreement that also contained a provision under which the respondents-guarantors agreed to reimburse the petitioners "for all legal and other expenses paid or incurred in enforcing the Guaranty."

Petitioners sought damages measured by preference payments and by investment loss. As a result of an affirmance in part and a remand in part by the Court of Special Appeals in a prior appeal and as a result of a circuit court hearing on June

19, 1998, on cross-motions for summary judgment, it had been determined that the petitioners were entitled to damages based on preference payments, but not to damages based on investment loss.[1] The parties then filed ten day motions which were denied on August 10, 1998, and the petitioners noted an appeal on August 25. Months after the order for appeal had been entered the circuit court held a hearing on the issue of counsel fees. By a written order dated February 22, 1999, that was filed and docketed on March 15, 1999, the circuit court entered judgment in favor of the petitioners against the respondents in the amount of $478,611.49 "for damages plus $167,514.00 for attorney's fees," plus costs. That same day the judgment was indexed and recorded. On April 14, 1999, the petitioners noted a "precautionary" appeal. The appeal based on the order of appeal of April 14, 1999, is pending as a separate appeal in the Court of Special ·Appeals.[2]

In the appellate proceedings that resulted from the 1998 order for appeal, the Court of Special Appeals, with one judge dissenting, denied the respondents' motion to dismiss the appeal for lack of a final judgment. That court affirmed the Circuit Court for Montgomery County. The petitioners then applied to this Court for certiorari which we have today issued solely for the purpose of addressing appealability.

The majority in the Court of Special Appeals recognized that "[a]ttorney's fees pursuant to a contractual provision are 'part of [the prevailing party's] damage claim,' " citing *Mattvidi Associates Ltd. Partnership v. NationsBank of Virginia, N.A.*, 100 Md.App. 71, 78 n. 1, 639 A.2d 228, 231–32 n. 1, *cert. denied,* 336 Md. 277, 647 A.2d 1216 (1994) (second alteration in original). Nevertheless, the Court of Special Appeals conclud-

---

**1.** The docket entries recording the rulings on summary judgment state simply that the petitioners' motion for partial summary judgment on remand was denied and that the respondents' motion for summary judgment on remand was granted.

**2.** A pre-hearing conference in the 1999 appeal was held on August 12, 1999, but no order to proceed has ever been entered. The 1999 appeal is being held in abeyance pending the disposition of the petition for certiorari which we have today granted in the 1998 appeal.

ed that the defect could be cured by that court's exercise of discretion under Maryland Rule 8–602(e)(1)(C). It provides:

"(e) **Entry of judgment not directed under Rule 2–602.** (1) If the appellate court determines that the order from which the appeal is taken was not a final judgment when the notice of appeal was filed but that the lower court had discretion to direct the entry of a final judgment pursuant to Rule 2–602(b), the appellate court may, as it finds appropriate ... (C) enter a final judgment on its own initiative...."

Rule 8–602(e)(1)(C) is not applicable to the circumstances of the instant matter. The circuit court did not have discretion to direct the entry of a final judgment pursuant to Rule 2–602(b) based on the summary judgment rulings made on June 19, 1998. This is because the counsel fees that were awardable pursuant to the contract form part of the claim for breach of contract, but they had not been determined when the 1998 appeal was noted. Rule 2–602(b) may not be used to certify as final only part of a claim. *See, e.g., Medical Mut. Liab. Ins. Soc'y v. B. Dixon Evander & Assocs.,* 331 Md. 301, 306–07, 628 A.2d 170, 172–73 (1993) (finding trial court's certification improper under Rule 2–602(b) because unresolved defamation count and adjudicated tortious interference with business relationship count were actually parts of a single claim); *Washington Suburban Sanitary Comm'n v. Frankel,* 302 Md. 301, 308, 487 A.2d 651, 655 (1985) (because claim for declaratory judgment and request for monetary judgments were "one and the same claim," entire claim had not been adjudicated and case was not appealable); *East v. Gilchrist,* 293 Md. 453, 461–62, 445 A.2d 343, 347 (1982) (appeal not proper because issues of injunction and damages remained undecided and were part of the same declaratory judgment claim); *Biro v. Schombert,* 285 Md. 290, 297, 402 A.2d 71, 75 (1979) (where partial summary judgment by circuit court only precluded one of two elements of damages in claim, appellate court had no authority to render judgment on the merits because order did not dispose of entire claim).

Consequently, this 1998 appeal must be dismissed.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED AND CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO DISMISS THE APPEAL. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE PETITIONERS, G–C PARTNERSHIP AND MARTHA B. GUDELSKY.*